UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY MCMURRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> NEIDERS COMPANY LLC, *et al.*, <br><br> Defendants. | CASE NO. C25-0824-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Neiders Company LLC's ("Neiders") motion to dismiss (Dkt. No. 16). Having considered the briefing and the relevant record, the Court GRANTS Defendant's motion and DISMISSES Plaintiff's complaint with leave to amend certain claims, as explained below.

I. **BACKGROUND**

This is a suit alleging various harms under federal employment laws. (*See generally* Dkt. No. 5.) Although the complaint is light on facts,[1] it provides that Plaintiff Johnny McMurry, Jr., ("Plaintiff") was formerly employed by Neiders at their residential property from at least March

---

[1] Plaintiff submitted an amended complaint (Dkt. No. 21) without the Court's leave or Defendant's permission, which violates the federal rules of civil procedure. *See* Fed. R. Civ. P. 15(a) (a party may amend within 21 days of service, but thereafter must seek leave of the Court or opposing party). Therefore, the Court limits its analysis to the original, operative complaint.

2024 until he was terminated in June 2024. (*Id.* at 5.)[2] But it does not provide facts about Plaintiff's job title, duties, or qualifications. (*See generally id.*) Nevertheless, according to the complaint, during those three months Plaintiff served as Neiders' employee, Plaintiff was subjected to:

- racial discrimination as "an African-American male" when he was passed over for a promotion, while a "Caucasian female," Chelsey, was "hired" and "replaced [him]," (Dkt. Nos. 5 at 5, 5-1 at 3);
- a workplace that did not accommodate his "severe anxiety and PTSD" by permitting him to work on- and off-site, (Dkt. No. 5-1 at 2–3);
- and racial slurs by a coworker, (Dkt. No. 5 at 5).

The complaint further alleges that Plaintiff reported this discriminatory conduct to the Equal Employment Opportunity Commission ("EEOC") and was terminated soon thereafter. (*Id.*)

Plaintiff brings federal claims *pro se* and *in forma pauperis* under the following: the Fourteenth Amendment of the U.S. Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1981. (*Id.* at 3.) He names three defendants, all at Neiders' company address: Neiders itself; Misty Rowell ("Director of Operations"), and Chelsey Sedgemore ("Area Manager"). (*Id.* at 2.) Neiders, the only Defendant for whom service has been established, moves to dismiss all claims against it pursuant to Rule 12(b)(6). (*See generally* Dkt. No. 16.)

---

[2] Plaintiff also makes allegations against Thrive Communities, (*see* Dkt. No. 5-1 at 3), but this is not a named defendant in this action nor clearly connected with any named defendant, (*see* Dkt. No. 5 at 2). In addition, Plaintiff submits a declaration describing harms he suffered as a tenant rather than an employee, (*see* Dkt. No. 5-1 at 3), but these do not relate to any of the causes of action brought in the complaint, (*see* Dkt. No. 5 at 3). Thus, the Court cannot countenance these allegations against Thrive or as a tenant. However, in liberally construing Plaintiff's *pro se* filings, the Court will incorporate information included in the declaration as facts alleged against the named Defendants.

## II. DISCUSSION

### A. Legal Standard

A party may assert that another has failed to state a claim in an affirmative motion to dismiss. Fed. R. Civ. P. 12(b)(6). A complaint may fail to state a claim if it either lacks a cognizable legal theory or sufficient factual allegations. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). To be sufficient, a complaint must allege facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings are construed liberally, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), they still must meet basic pleading standards, *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). But a "district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). As Plaintiff here brings multiple claims, the Court analyzes each in turn for whether they are plausibly pleaded and, if not, whether the deficiencies could be cured by amendment.

### B. Equal Protection

The Fourteenth Amendment prohibits state governments from denying equal protection under the law. U.S. Const., amend XIV, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws"). The text prohibits public rather than private action. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States"). In order for the Fourteenth Amendment to constrain private entities, certain facts must be true about the private entity. *See, e.g.*, *Marsh v. Alabama*, 326 U.S. 501, 506–08 (1946) (private entity performing a government function), *Shelley*, 334 U.S. at 19–20 (1948) (government enforcement of a private

relationship), *Edmonson v. Leesville Concrete*, 500 U.S. 614, 622 (1991) (government action entangled with private action).

Here, Neiders is a property management company It is not alleged to be a state agency, officer, or have any other formal relationship with the state. (*See generally* Dkt. No. 5.) Nor is there anything about Neiders' relationship with the government that would permit the Court to construe this private entity as a state actor for the purposes of the Fourteenth Amendment. Therefore, Plaintiff's Fourteenth Amendment claim must be DISMISSED as a matter of law. Amendment cannot cure the simple problem that Neiders is not a state actor.

### C. Disparate Treatment

Plaintiff's disparate treatment claims under Title VII and 42 U.S.C. § 1981 also fail for want of sufficient facts. In order to plead this cause of action, a plaintiff must allege, among other things, that similarly situated employees were treated more favorably than the plaintiff "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("individuals are similarly situated when the have similar jobs and display similar conduct"). In other words, the difference between the employees' treatment must be apparent on the face of the complaint.

In his complaint, Plaintiff's disparate treatment claim turns on a comparison between himself and Neiders' alleged Area Manager, Ms. Sedgemore. (*See* Dkt. No. 5-1 at 3.) But the only comparison the Court can make based on the complaint is that Plaintiff is an African-American male and Ms. Sedgemore is a white female. The material differences end there. Their job titles, responsibilities, and tenures, for example, are not pleaded. It appears, if anything, that Ms. Sedgemore was hired to *replace* Plaintiff, and therefore was not employed in the same position and perhaps not even employed by Neiders at the same time. (*See id.*) Regardless, Plaintiff has not alleged sufficient facts to make out a disparate treatment claim in comparison to a similarly situated employee in *any*—let alone all—material respects. And the Court cannot liberally construe what is absent from the complaint. Therefore, this claim is DISMISSED with

1  respect to Neiders. Plaintiff may amend his complaint by alleging sufficient material facts as to
2  the treatment between himself and Ms. Sedgemore, but only as to this employee.³

3      **D.**    **Failure to Accommodate**

4      An ADA failure to accommodate claim must allege, among other things, a "reasonable"
5  accommodation for a disability. *See McDaniels v. Grp. Health Coop.*, 57 F. Supp. 3d 1300, 1314
6  (W.D. Wash. 2014). And Courts evaluating the reasonability of the accommodation must
7  consider whether a plaintiff could perform the same job responsibilities with the accommodation
8  as without. *See Larson v. United Nat. Foods West, Inc.*, 518 F. App'x 589, 591 (9th Cir. 2013).⁴
9  A properly pleaded failure to accommodate claim thus requires, as a matter of fact, both the
10 proposed accommodation and the plaintiff's job.

11     While Plaintiff insinuates that he could have done his job reasonably well both on- and
12 off-site, it remains unclear from the complaint what his job responsibilities were. There is no
13 way for the Court to assess whether Plaintiff would be able to do his job remotely because he
14 does not allege what his job was. Therefore, Plaintiff's failure to accommodate claim with
15 respect to Neiders is also DISMISSED, with leave to amend.

16     **E.**    **Hostile Workplace**

17     An employer is only liable for a hostile workplace claim when the conduct alleged is
18 "sufficiently severe or pervasive." *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir.
19 2021). A single instance is rarely sufficient. *See id.* at 648; *see also Brooks v. City of San Mateo*,
20 229 F.3d 917, 924 (9th Cir. 2020) (isolated incidents rarely give rise to a "permanent feature" of
21 the work environment). And a single instance is all that is alleged here. Namely, according to the

---

³ Plaintiff names other alleged employees in his second and improperly filed complaint, (*see* Dkt. No. 21 at 4), but still does not clarify his own job responsibilities, which is fatal to his claims.

⁴ Plaintiff does not dispute this standard but cites a non-existent case in his briefing. (*See* Dkt. No. 17 at 6.) The Court admonishes Plaintiff that he is responsible for the accuracy of *all* submissions and may be subject to sanctions if he repeats this transgression. *See* Fed. R. Civ. P. 11.

ORDER
C25-0824-JCC
PAGE - 5

complaint: "Plaintiff subjected to racial slurs from coworker." (Dkt. No. 5 at 5.) There is no detail as to how often or how many comments were made by this one coworker. (*See generally id.*) Such seemingly isolated conduct does not, as alleged, rise to the level of severity or pervasiveness to state a claim for a hostile workplace under Title VII. Therefore, Plaintiff's hostile workplace claim against Neiders is also DISMISSED, with leave to amend.

### F.   Retaliation

A prima facie Title VII or ADA retaliation claim requires a degree of causation, namely, that an employee's and/or disabled person's protected activity must have caused the termination. *See Murray v. Mayo Clinic*, 934 F.3d 1101, 1103–07 (9th Cir. 2019) (discussing Title VII's "motivating factor" and the ADA's "but-for" standards). Vague correlation between a protected activity and termination is insufficient under either law. *See Cooper v. Dignity Health*, 438 F. Supp. 3d 1002, 1015 (D. Ariz. 2020) (explaining that while temporal proximity may be sufficient, it must be very close and depends on the amount of time between events). Again, Plaintiff comes up short on facts. He only alleges that he was "[t]erminated after reporting discrimination and intent to contact EEOC." (Dkt. No. 5 at 5.) He does not state when the alleged report or termination occurred. Additional facts, such as the timing, the contents of the report, or the reaction of Neiders, must be plead to make this allegation anything other than a "conclusory statement." *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff's retaliation claim against Neiders is also DISMISSED, with leave to amend.

### G.   Appointment of Counsel

Separately, Plaintiff has moved for appointment of counsel (Dkt. Nos. 7, 12), which the Court referred to the Civil Rights Case Screening Committee for Non-Incarcerated Litigant Cases. (*See* Dkt. No 15 at 1.) The Committee recommended against appointment. The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in

exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). When determining whether exceptional circumstances justify the appointment of counsel, the Court considers "'the likelihood of success on the merits.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Given the discussion above, the Court does not find Plaintiff likely to succeed on the merits, nor that any other exceptional circumstances exist. Therefore, the Court DENIES the motions to appoint counsel (Dkt. Nos. 7, 12).

### III. CONCLUSION

For the foregoing reasons, Neiders' motion to dismiss (Dkt. No. 16) is GRANTED. All claims against it are DISMISSED. Plaintiff may amend his complaint as to his disparate treatment, failure to accommodate, hostile workplace, and retaliation claims by filing within 30 days of this order. The amended complaint must contain sufficient factual allegations to adequately state these claims, as explained above. If Plaintiff fails to file an amended complaint within 30 days, judgment will issue as to all claims against Neiders.

As to the remaining Defendants, to date, no affidavit of service has been filed. If Plaintiff fails to do so within the required time and does not otherwise show good cause for this failure, the Court will dismiss this action against those Defendants without prejudice for failure to prosecute.

DATED this 14th day of August 2025.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE