THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY MCMURRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> NEIDERS COMPANY LLC, *et al.*, <br><br> Defendants. | CASE NO. C25-0824-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's amended complaints (Dkt. Nos. 21, 31, 32), Defendant Neiders Company LLC's ("Neiders") renewed motion to dismiss (Dkt. No. 29), and Plaintiff's motion for U.S. Marshals Service (Dkt. No. 33). Having considered the briefing and the relevant record, and for the foregoing reasons, the Court STRIKES Plaintiff's amended complaints (Dkt. Nos. 21, 31, 32), STRIKES Defendant's motion (Dkt. No. 29), DENIES without prejudice the motion for an order of service (Dkt. No. 33), and GRANTS Plaintiff one final opportunity to amend his complaint, as described below.

The Court previously discussed the basic allegations regarding this employment discrimination case in a prior order. (*See* Dkt. No. 24.) It will not restate the information here. Before the Court issued that order—but after Neiders moved to dismiss Plaintiff's original complaint (Dkt. No. 16), which the Court granted without prejudice and with leave for Plaintiff to amend, (*see* Dkt. No. 24)—Plaintiff filed an amended complaint (Dkt. No. 21). He then filed

two more complaints (Dkt. Nos. 31, 32) after the Court's order (Dkt. No. 24). Collectively, these complaints are procedurally improper, as they exceed the leave afforded.

When dismissing Plaintiff's original complaint (Dkt. No. 5), the Court granted leave to amend *with limitations*. (*See generally* Dkt. No. 24.) Amendment was limited to pleading additional facts and/or allegations in support of Plaintiff's Title VII and ADA "disparate treatment, failure to accommodate, hostile workplace, and retaliation claims." (*Id.* at 7.) Instead, Plaintiff added newly asserted claims (including those brought under state law, which the Court may decline to exercise supplemental jurisdiction on if the federal claims remain inadequately pleaded). (*See generally* Dkt. No. 21, 31, 32.)

Because Plaintiff is proceeding *pro se*, the Court provides a certain degree of solicitude. *See, e.g.*, *Heilman v. Sanchez*, 583 F. App'x 837, 838 (9th Cir. 2014). Nevertheless, Plaintiff is cautioned that a *pro se* litigant remains bound by the Federal Rules of Civil Procedure. *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). And here, Plaintiff exceeded the Court's expressed bounds. By implication, this violates the Federal Rules of Civil Procedure. *See, e.g.*, *Diamond v. Zielinski*, 2021 WL 689908, slip op. at 1 (D. Ariz. 2021) (dismissing case for failing to comply with Court orders); *Kramer v. Freedom Capital Mortg.*, WL 13240290, slip op. at 1 (E.D. Cal. 2011) (same). Nevertheless, in the interest of justice, the Court will provide Plaintiff one final opportunity to amend his complaint.

To note, Neiders contends that Plaintiff personally modified a supporting exhibit purportedly authored by an Equal Employment Opportunity Commission attorney, and that Plaintiff attached this modified document (Dkt. Nos. 31-1, 31-2) in support of some of his amended complaints without the attorney's permission. (*See* Dkt. No. 35 at 11.) This is gravely concerning. If proven to be true, such conduct would ordinarily merits sanctions. But given Plaintiff's *pro se* status, the Court declines sanctions *in this instance*. Nevertheless, Plaintiff is cautioned that such conduct in the future will, indeed, result in sanctions

Separately, the Court notes that Plaintiff's request for Marshal Service on the remaining

Defendants, Misty Rowell and Chelsey Sedgemore (Dkt. No. 33), is premature. Indeed, the Court must order such service for *in forma pauperis* ("IFP") plaintiffs. *See* Fed. R. Civ. P. 4(c)(3). But this is not without bounds. It only applies to claims otherwise compliant with 28 U.S.C. 1915(e)(2)(B). *See, e.g.*, *Nogales v. Burke*, 2022 WL 10146087, slip op. at 2 (S.D. Cal. 2022). Meaning, an IFP plaintiff must first adequately plead claims against those defendants (for which service is sought), amongst other requirements. And Plaintiff's complaint (Dkt. No. 5) fails to meet this standard. In as much as the Court can glean, Plaintiff alleges that Ms. Rowell and Ms. Sedgemore are (or were) Neiders' employees. (*See generally id.*) Thus, they are not "an employer" and are not directly subject to Title VII or the ADA. *See Anderson v. P. Mar. Ass'n*, 336 F.3d 924, 928 (9th Cir. 2003) (citing 42 U.S.C. § 2000e(b)); *see also Lankford v. City of Hobart*, 27 F.3d 477, 480 (10th Cir. 1994) (declining to consider claims asserted against individual employees).

For the foregoing reasons, the Court STRIKES Plaintiff's amended complaints (Dkt. Nos. 21, 31, 32) and Neiders' motion to dismiss (Dkt. No. 29), and DENIES without prejudice Plaintiff's motion for an order directing service by the Marshals Service (Dkt. No. 33). Plaintiff is afforded one final opportunity to file an amended complaint. He must do so within 14 days of this order Any amendment shall be limited to the leave provided in the Court's prior order. (*See* Dkt. No. 5 at 7.) If no such complaint is filed, the Court will DISMISS this matter with prejudice.

DATED this 26th day of September 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE