UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHNNY MCMURRY, JR. ,

Plaintiff,

v.

NEIDERS COMPANY LLC,

Defendant.

CASE NO. 2:25-cv-00824-JNW

ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS

## 1.  INTRODUCTION

Plaintiff Johnny McMurry sues his former employer, Neiders Company, LLC, alleging race and disability discrimination, failure to accommodate, hostile work environment, retaliation, and conspiracy. McMurry, who is Black and has PTSD and anxiety, worked as a Front Desk Agent at a Seattle hotel for 84 days before Neiders terminated his employment. This is McMurry's fifth complaint. Despite multiple opportunities to amend, most of his claims remain insufficiently pleaded. The Court GRANTS in part and DENIES in part Neiders's motion to dismiss, Dkt. No. 45.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 1

## 2.  BACKGROUND

**2.1    Factual background.**

McMurry sues Neiders for racial and disability discrimination, failure to accommodate his disability, retaliation, hostile-work environment, and conspiracy to discriminate. *See* Dkt. No. 44. He alleges the following facts in his Fifth Amended Complaint ("5AC"), which the court assumes are true at the pleading stage of the case.[1] *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 195 (2024).

McMurry is a Black man with "post-traumatic stress disorder (PTSD) and severe anxiety." Dkt. No. 44 at 2, 4; *see also* Dkt. No. 46 at 2. On March 29, 2024, Neiders hired McMurry as a Front Desk Agent at the Curben Hotel in Seattle, Washington. Dkt. No. 44 at 2. McMurry alleges that Neiders represented that "he would be promoted to Community Manager once he completed training and probation." *Id.*

A month into the job, on April 29, 2024, McMurry submitted a "Medical Inquiry Form" to Neiders requesting "two reasonable accommodations: (a) flexibility to work remotely during periods when anxiety symptoms became severe; and (b) permission to have his support animal (dog) present at work as needed." *Id.* According to McMurry, Neiders "acknowledged receipt of this documentation but

---

[1] The 5AC references numerous exhibits, but they do not appear in the record. *See* Dkt. No. 44 at 8–9 (table listing exhibit filenames). To the extent McMurry intended to incorporate exhibits attached to earlier complaints that were struck from the docket, Local Civil Rule 15(a) prohibits a proposed amended pleading from "incorporat[ing] by reference any part of the preceding pleading, *including exhibits.*" (emphasis added). *See also* Dkt. No. 38 at 2 (noting concern that McMurry may have modified an exhibit attached to earlier filings).

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 2

failed to act upon it in good faith." *Id*. Instead, McMurry alleges, "management, including Ms. Sedgemore, questioned the legitimacy of Plaintiff's disability and demanded additional documentation already provided." *Id*. McMurry alleges that after disclosing his disability, his "work environment deteriorated rapidly" and "[m]anagement began to monitor Plaintiff's attendance more closely, call him during approved sick leave, and question his commitment to the job." *Id*. He further alleges that "Ms. Sedgemore made disparaging comments implying Plaintiff was 'playing sick' or 'using excuses.'" *Id*.

On May 30, 2024, McMurry "submitted a formal complaint to Human Resources alleging harassment, discrimination, and failure to accommodate." *Id*. at 3. McMurry contends that Neiders "opened a superficial 'internal investigation' that relied primarily on statements from the accused supervisors while ignoring corroborating witnesses." *Id*. He alleges that Neiders then "intensified retaliation," that his "requests for PTO were denied," and that his "workload increased." *Id*.

On June 13, 2024, McMurry "filed a second internal complaint describing escalating retaliation and loss of promotion opportunities." *Id*. He alleges that he "was denied the promised promotion" and that "a less qualified employee without a disability was selected instead." *Id*. McMurry also alleges that he "reported racially insensitive remarks by coworker Steve, but no corrective action was taken." *Id*.

The next day, on June 14, 2024, McMurry "informed Defendant he was taking medical leave due to worsening symptoms caused by workplace stress" and "contacted the EEOC." *Id*.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 3

On June 20, 2024, "one day after EEOC contact," McMurry "received a termination notice citing vague 'policy violations.'" *Id*. McMurry alleges that Neiders "never identified any specific violation and failed to follow progressive discipline policies." *Id*. The 5AC also contends the stated reason for termination was "communicat[ing] with a resident's mother concerning rent issues." *Id*. at 4.

McMurry alleges that he contacted the Equal Employment Opportunity Commission (EEOC), however it is unclear from the complaint what this contact entailed. On June 21, 2024, Neiders terminated McMurry for internal company policy violations, specifically for communicating with a resident's mother concerning rent issues. Dkt. No. 44 at 4. In all, McMurry's employment with Neiders lasted 84 days.

## 2.2    Procedural background.

McMurry filed his original complaint on May 9, 2025. On July 30, 2025, McMurry filed an amended complaint. Neiders moved to dismiss, and on August 14, 2025, the Honorable John C. Coughenour granted the motion, dismissing McMurry's equal protection claim and granting McMurry leave to amend the complaint on his remaining claims for "disparate treatment, failure to accommodate, hostile workplace, and retaliation[.]" *See* Dkt. No. 24 at 7.

On August 15, 2025, McMurry filed a Notice of Filing Amended Complaint, indicating that he intended to rely on his previously filed amended complaint. On September 3 and September 9, 2025, McMurry filed his second and third amended complaints. On September 26, 2025, Judge Coughenour struck these amended

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 4

complaints because McMurry had exceeded the scope of leave afforded by the court. Dkt. No. 38 at 2. In doing so, Judge Coughenour reminded McMurry that leave to amend was granted "*with limitations,*" and that further amendment "was limited to pleading additional facts and/or allegations in support of Plaintiff's Title VII and ADA 'disparate treatment, failure to accommodate, hostile workplace, and retaliation claims.'" Dkt. No. 38 at 2 (emphasis in original). Judge Coughenour further noted that McMurry had "added newly asserted claims (including those brought under state law, which the Court may decline to exercise supplemental jurisdiction on if the federal claims remain inadequately pleaded)." *Id*. Nevertheless, Judge Coughenour afforded McMurry "one final opportunity to file an amended complaint" limited to the leave provided in the Court's prior order. *Id*. at 2.

On October 17, 2025, McMurry filed his fourth amended complaint, followed by the 5AC, on October 20, 2025. Notwithstanding the Court's prior admonitions, McMurry's fifth amended complaint reasserts all previously raised federal claims and adds four new causes of action: (1) racial discrimination under the Washington Law Against Discrimination ("WLAD"); (2) disability discrimination under the WLAD; (3) retaliation under the WLAD; and (4) conspiracy to discriminate under 42 U.S.C. § 1985(3). Dkt. No. 44 at 4-6.

On October 31, 2025, Neiders filed this motion to dismiss. Dkt. No. 45. McMurry filed an opposition, Dkt. No. 46, and Neiders filed a reply, Dkt. No 48. McMurry also filed a surreply without leave of court. Dkt. No. 49. Though surreplies

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 5

are generally disfavored and this one was filed without permission, the Court will considered it.

Finally, the Court notes that McMurry and Neiders have numerous pending motions before the Court. The Court will rule on those motions in a separate order.

## 3.  DISCUSSION

### 3.1    Legal standards.

McMurry proceeds in forma pauperis. Accordingly, the Court must dismiss this action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Neiders has also moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The standard is the same either way: the Court must consider whether the complaint states a plausible claim for relief. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 8 does not demand detailed factual allegations in a complaint, but "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A pro se complaint must be "liberally construed," even if it is "inartfully pleaded," and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). Courts generally should not dismiss a pro se complaint without leave to amend unless "'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam))). But even so, the duties imposed on the Court by Section 1915 are unwavering, and when an IFP plaintiff fails to state a claim, the action must be dismissed.

### 3.2    The Court will consider all claims despite McMurry's repeated violations of the scope of leave to amend.

Neiders argues that the 5AC should be dismissed because it exceeds the bounds of the Judge Coughenour's orders granting leave to amend with limitations. In two previous orders, Judge Coughenour instructed McMurry that amendment "was limited to pleading additional facts and/or allegations in support of Plaintiff's Title VII and ADA 'disparate treatment, failure to accommodate, hostile workplace, and retaliation claims.'" Dkt. Nos. 24, 38. McMurry violated these orders by adding new claims under the WLAD and 42 U.S.C. § 1985(3). The Court is troubled by McMurry's repeated disregard for the boundaries Judge Coughenour established.

However, this case will not be decided solely on procedural missteps. Because McMurry is proceeding pro se, and because his new claims mostly reference the state-law analogue to his already asserted federal claims, the Court will consider all

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 7

claims asserted in the 5AC and whether McMurry has plausibly shown that he is entitled to relief.

### 3.3    McMurry fails to identify a similarly situated comparator to support his disparate treatment claims.

McMurry's disparate treatment claims under Title VII, 42 U.S.C. § 1981, and the WLAD fail for lack of sufficient factual allegations. To establish a prima facie case of disparate treatment, McMurry must plead that "[1] he is a member of a protected class; [2] he was qualified for his position; [3] he experienced an adverse employment action; and [4] similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 656 (9th Cir. 2006) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004)); *Mikkelsen v. Pub. Util. Dist. No. 1 of Kittitas Cnty.*, 404 P.3d 464, 473–74 (2017) (same elements establish a prima facie case under the WLAD). To satisfy the fourth element through a comparator, the individual seeking relief must demonstrate that they are similarly situated to those employees "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) ("individuals are similarly situated when they have similar jobs and display similar conduct").

McMurry alleges that his Regional Manager Misty Rowell and Property Supervisor Chelsey Sedgemore were treated more favorably than he was. But "[e]mployees in supervisory positions are generally deemed not to be similarly

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 8

situated to lower level employees." *Vasquez,* 349 F.3d at 641. Throughout his complaint, McMurry refers to Rowell and Sedgemore as holding supervisory and management positions and acting as "agents of Defendant." Dkt. No. 44 at 2–3. Because McMurry's proposed comparators held different job positions than he did—indeed, they were his supervisors—they are not considered similarly situated to McMurry "in all material respects." *Moran*, 447 F.3d at 755.

McMurry also references a "less qualified employee without a disability" who was selected for the promotion he was denied. Dkt. No. 44 at 3. But this allegation is entirely conclusory. McMurry does not identify who this employee was, what position that employee held, what qualifications that employee had (or lacked), or any other facts that would allow the Court to assess whether that employee was actually similarly situated to McMurry or was in fact less qualified. These "labels and conclusions" aren't enough to satisfy the plausibility inquiry. *See Iqbal*, 556 U.S. at 678.

Accordingly, the Court dismisses McMurry's disparate treatment claims.

## 3.4    McMurry fails to show his requested accommodations were reasonable.

McMurry's failure to accommodate claims under the ADA and the WLAD also fail for want of sufficient factual allegations. To state a failure-to-accommodate claim, McMurry must plead that "(1) []he is disabled; (2) []he is qualified for the job in question and capable of performing it with reasonable accommodation; (3) [Neiders] had notice of [his] disability; and (4) [Neiders] failed to reasonably accommodate [his] disability." *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th

Cir. 2018); *Hines v. Todd Pac. Shipyards Corp.*, 112 P.3d 522, 530 (Wash. Ct. App. 2005). If a person with a disability cannot perform a job's essential functions, even with a reasonable accommodation, then the ADA's employment protections do not apply. *Cripe v. City of San Jose*, 261 F.3d 877, 884 (9th Cir. 2001). .

Judge Coughenour previously identified the deficiency in McMurry's failure to accommodate claim: it "remain[ed] unclear from the complaint what his job responsibilities were" such that the Court could not "assess whether Plaintiff would be able to do his job remotely because he does not allege what his job was." Dkt. No. 24 at 5. Despite this guidance, McMurry's fifth amended complaint still does not cure the defect.

McMurry alleges that he requested two reasonable accommodations: remote work flexibility and allowance of a support animal dog. But McMurry was employed as a Front Desk Agent—a position that, by its nature, involves on-site customer interaction. McMurry does not explain what his essential job duties were, how remote work would allow him to perform those duties, or under what circumstances remote work would be feasible for a front desk position. In his opposition, McMurry argues that "limited remote flexibility during panic attacks and the presence of a support animal are recognized accommodations under EEOC guidance for PTSD and anxiety disorders." Dkt. No. 46 at 3. True, these accommodations have been upheld in some circumstances, but McMurry does not explain how these accommodations would enable *him* to perform the essential functions of a Front Desk Agent position. The Court cannot simply assume that remote work is a

reasonable accommodation for an inherently on-site role without factual allegations supporting that conclusion.

McMurry also argues that Neiders failed to engage in the interactive process. But under federal law, "there exists no stand-alone claim for failing to engage in the interactive process. Rather, discrimination results from denying an available and reasonable accommodation." *Snapp v. United Transp. Union*, 889 F.3d 1088, 1094 (9th Cir. 2018). Because McMurry has not plausibly alleged that a reasonable accommodation existed that would have enabled him to perform the essential functions of his job, he cannot state a failure to accommodate claim—regardless of whether Neiders properly engaged in the interactive process.

### 3.5    McMurry's hostile-work environment allegations lack sufficient detail.

McMurry's hostile-work environment claims under Title VII and the WLAD fail for lack of sufficient factual allegations. To state a hostile-work-environment claim, McMurry must show (1) that he was "subjected to verbal or physical conduct because of" a protected characteristic, (2) that the conduct was "unwelcome," and (3) that "the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) (internal quotation marks omitted); *see Glasgow v. Georgia-Pac. Corp.*, 693 P.2d 708, 712 (Wash. 1985) (applying largely the same formula to WLAD claims).

An employer is liable for a hostile-work environment when the conduct alleged is "sufficiently severe or pervasive" to alter the conditions of employment.

ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS - 11

*Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021); *Blackburn v. State of Wash. Dep't of Soc. & Health Servs. & W. State Hosp.*, 375 P.3d 1076, 1082 n.4 (Wash. 2016).  Courts consider "all the circumstances," including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

McMurry alleges that he was subjected to a work environment "permeated with intimidation and humiliation due to disability and race," but he provides few concrete examples. He alleges that Sedgemore made comments implying he was "playing sick" or "using excuses" and that he "reported racially insensitive remarks by coworker Steve." Dkt. No. 44 at 2–3. However, McMurry does not describe what those racially insensitive remarks were, when they were made, or how often such remarks occurred. Simply labeling conduct as a "pattern" or "ongoing" does not satisfy the pleading standard. Without details about the nature, frequency, and severity of the alleged misconduct, the Court cannot determine whether it was sufficiently severe or pervasive to constitute a hostile work environment. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003); *see also, Page v. Clark Cnty. Fire Dist. 6*, 733 F. Supp. 3d 1006 (W.D. Wash. 2024).

Accordingly, the Court finds that McMurry has not adequately pled a hostile work environment claim and dismisses this claim.

**3.6    McMurry states a plausible retaliation claim.**

Neiders argues that McMurry has failed to state a claim for retaliation under Title VII, the ADA, and the WLAD. To make out a prima facie case of retaliation, an employee must show that (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Cheatham v. City of Phoenix*, 699 Fed. Appx. 647, 648 (2017); *see also Graves v. Dep't of Game*, 887 P.2d 424, 427 (Wash. Ct. App. 1994). Both formal and informal complaints of discrimination constitute protected activity under Title VII. *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). To qualify, the employee's opposition must be directed at conduct the employee reasonably believes to be discriminatory. *Trent v. Valley Elec. Ass'n*, 41 F.3d 524, 526 (9th Cir. 1994).

McMurry's 5AC cures the deficiencies Judge Coughenour previously identified in his earlier order. Dkt. No. 24. McMurry now alleges the specific dates and circumstances of his protected activity and the retaliatory acts that followed. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 678. In particular, his May 30 and June 13 complaints to HR, alleging harassment, discrimination, failure to accommodate, and escalating retaliation, constitute protected activity. Neiders received and investigated these complaints, so McMurry has pled knowledge on the part of Defendant. And he alleges a pattern of escalating adverse treatment that followed: denied PTO, increased workload, and termination eight days after his second complaint for "policy violations" of which he had no prior notice. *See Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (an adverse employment

action is conduct that might have dissuaded a reasonable worker from making or supporting a charge of discrimination). These allegations, taken as true, state a plausible retaliation claim.

Neiders contends that McMurry nonetheless fails to state a claim because he failed to show that retaliatory animus was the "but-for" cause of the adverse employment actions. *See Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 360 (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation"). But Rule 8 requires McMurry to allege the facts underlying his claims, not to plead "magic words" or prove his case at the pleading stage. *See Cabrera v. Martin*, 973 F.2d 735, 744–45 (9th Cir. 1992). McMurry has done so. The escalating pattern of adverse treatment following his complaints— combined with the pretextual nature of his termination—supports a reasonable inference of causation under both Title VII's but-for standard and the WLAD's more lenient substantial-factor standard. *Cornwell v. Microsoft Corp.,* 430 P.3d 229, 235 (2018) (an employee asserting a retaliation claim under the WLAD proves causation by showing that retaliation was a substantial factor motivating the adverse employment decision).

Neiders also argues that McMurry fails to allege it knew of his EEOC contact. The Court need not resolve this issue because McMurry's retaliation claim does not depend on the EEOC contact; his internal HR complaints independently constitute protected activity, and Neiders's knowledge of those complaints is unequivocally pled.

Accordingly, the Court DENIES Neiders's motion to dismiss McMurry's retaliation claim.

### 3.7   McMurry's conspiracy allegations are conclusory.

McMurry asserts a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3). This claim was not included in his original complaint and exceeds the scope of leave to amend that Judge Coughenour granted. Even setting aside that procedural defect, the claim fails on the merits.

To state a claim under § 1985(3), a plaintiff must allege "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy and (3) a resulting injury."*Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). A plaintiff must also show that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Life Ins. Co. of N. Am. v. Reichardt*, 591 F.2d 499, 502 (9th Cir. 1979). "A mere allegation of conspiracy without factual specificity is insufficient" for Section 1985(3) liability. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

McMurry alleges that "Defendant's agents acted in concert to perpetuate discriminatory and retaliatory acts" and that Misty Rowell worked at both Thrive Communities (McMurry's prior employer) and Neiders. Dkt. No. 44 at 3, 6. But these allegations do not plausibly establish the existence of an actual agreement or conspiracy. The mere fact that Rowell worked at both companies does not give rise to an inference that she conspired with others to violate McMurry's civil rights.

McMurry's conspiracy allegations are entirely conclusory and lack the factual specificity required to state a plausible claim under § 1985(3).

Accordingly, the Court finds that McMurry has not adequately pled a conspiracy to interfere with civil rights claim under 42 U.S.C. § 1985(3).

### 3.8    Further amendment would be futile.

McMurry has now filed five complaints—an original and four amended versions—yet has not cured the fundamental defects in his disparate treatment, failure to accommodate, hostile work environment, and conspiracy claims. Judge Coughenour twice granted leave to amend with express limitations, and twice McMurry exceeded those limitations. In the September 26, 2025, order, Judge Coughenour gave McMurry "one final opportunity" to amend. Dkt. No. 38 at 2. Despite this warning, the Fifth Amended Complaint suffers from many of the same pleading defects as its predecessors with respect to these claims.

The Court declines to grant further leave to amend. A district court's discretion to deny amendment is "particularly broad" when it has previously given leave to amend. *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1117 (9th Cir. 2014). McMurry has had ample opportunity to cure these deficiencies, and further amendment would be futile. Accordingly, McMurry's disparate treatment, failure to accommodate, hostile-work environment, and conspiracy claims are dismissed with prejudice. As discussed above, McMurry's retaliation claim may proceed.

# 4. CONCLUSION

In sum, Neiders's motion to dismiss is GRANTED in part. Dkt. No. 45. McMurry's retaliation claim survives dismissal but all remaining claims in his fifth amended complaint are DISMISSED with prejudice.

Dated this 30th day of January, 2026.

Jamal N. Whitehead
United States District Judge