UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNY MCMURRY, JR. , | CASE NO. 2:25-cv-00824-JNW |
| Plaintiff, | ORDER |
| v. | |
| NEIDERS COMPANY LLC, | |
| Defendant. | |

## 1. INTRODUCTION

Plaintiff Johnny McMurry, proceeding pro se, sues his former employer, Neiders Company LLC, for employment discrimination. On October 31, 2025, Neiders moved to dismiss McMurry's fifth amended complaint. Dkt. No. 45. While that motion was pending, the parties filed numerous additional motions. The Court has now granted in part and denied in part Neiders's motion to dismiss, allowing only McMurry's retaliation claims to proceed. Dkt. No. 87. The Court now addresses the remaining pending motions. For the reasons stated below, all are DENIED.

ORDER - 1

## 2.  BACKGROUND

Since the filing of the motion to dismiss, McMurry has filed the following motions: (1) a motion for discovery, Dkt. No. 47; (2) a motion for leave to file supplement for related case, Dkt. No. 51; (3) a motion to compel, Dkt. No. 53; (4) a motion to strike boilerplate discovery objections, Dkt. No. 54; (5) a motion to compel, Dkt. No. 55; (6) a second motion for judicial notice, Dkt. No. 56; (7) a motion to consolidate cases, Dkt. No. 58; (8) a motion for leave to file, Dkt. No. 59; (9) a motion to expedite, Dkt. No. 60; (10) a motion to expedite, Dkt. No. 61; (11) a renewed motion for appointment of pro bono counsel, Dkt. No. 84.

Neiders has filed a motion for reconsideration, Dkt. No. 77, and a motion to stay, Dkt. No. 78.

## 3.  DISCUSSION

### 3.1   McMurry's motion for discovery, Dkt. No. 47.

McMurry filed his discovery requests on the Court's docket. Under Local Civil Rule 5(d) and Fed. R. Civ. P. 26, discovery requests must not be filed on the docket unless they are used in the proceedings or the court orders filing. Judge Coughenour issued a prior order to the same effect addressing a similar discovery request filed by McMurry, Dkt. Nos. 34, 35. McMurry is again reminded that he must not file discovery requests on the docket. The motion is DENIED.

### 3.2   McMurry's motions to compel, Dkt. Nos. 53, 55.

These two motions appear to be identical, so the Court treats them as one. The motions fail for at least three reasons. First, McMurry agreed in writing to

ORDER - 2

pause discovery. On November 7, 2025, he responded "Yes, I agree" to Neiders's email confirming that "both parties have agreed to postpone all discovery responses and conferral on discovery until after the Court issues its order." Dkt. No. 65-1 at 86. He reiterated this agreement in a follow-up email. *Id.* at 93. Having agreed to pause discovery, McMurry cannot now claim that Neiders improperly refused to confer.

Second, a motion to compel requires certification that the movant "in good faith conferred or attempted to confer" with the opposing party. Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1). McMurry's motions contain no such certification. This defect alone warrants denial. *See Veniale v. Steiner,* No. 2:24-CV-1623-JHC-DWC, 2025 WL 660674, at *1 (W.D. Wash. Feb. 28, 2025).

Third, McMurry served 80 interrogatories and 70 requests for production. Federal Rule of Civil Procedure 33(a)(1) limits interrogatories to 25 "unless otherwise stipulated or ordered by the court." Plaintiff obtained neither stipulation nor leave. The motions are DENIED.

### 3.3    McMurry's motions to expedite, Dkt. Nos. 60, 61.

Dkt. No. 60 is captioned as a "[PROPOSED] Order Granting Plaintiff's Motion for Unified Discovery and Case Management." No such motion exists on the docket. Accordingly, the Court STRIKES Dkt. No. 60.

For McMurry's motion to expedite discovery, Dkt. No. 61, he seeks "expedited discovery directly responsive to the evidentiary issues Defendants placed at the heart of their Motion to Dismiss Plaintiff's Fifth Amended Complaint." Dkt. No. 61

ORDER - 3

at 2. Expedited discovery requires the movant to show "good cause" to deviate from the standard pre-trial schedule. *Music Grp. Macao Com. Offshore Ltd. v. John Does I-IX*, No. 14-CV-621 RSM, 2014 WL 11010724 *1 (W.D. Wash. July 18, 2014). The discovery that McMurry seeks to expedite includes "emails, training manuals, HR files, performance metrics, comparator data, and termination materials." Dkt. No. 61. He does not show good cause for expedited discovery of these documents, as "[a] pending motion to dismiss is not dispositive to a finding of good cause for expedited discovery." *Gois v. Kisco Senior Living, LLC*, No. 3:24-CV-00751-BJC-AHG, 2025 WL 3172890 * 1 (S.D. Cal. Nov. 13, 2025). In any event, the motion to dismiss has now been resolved. The motion is DENIED.

### 3.4    McMurry's motions for judicial notice, Dkt. Nos. 50, 56.

McMurry asks the Court to take judicial notice of three cases in state court. Dkt. No. 50. He also asks for judicial notice of documents that he seeks to obtain through discovery, Dkt. No. 56. The motions fail to comply with Fed. R. Evid. 201(a) and (b). McMurry does not attach the documents to his motions, he does not explain how these documents are relevant to his claims or what particular facts are the subject of his request for judicial notice—that is, what facts he is arguing are not subject to reasonable dispute. Additionally, McMurry cannot use a motion for judicial notice to seek discovery. The motions are DENIED.

### 3.5    McMurry's request to consolidate cases, Dkt. No. 58

McMurry moves to consolidate two cases: "*McMurry v. Neiders Company*, 2:25-cv-00824-JCC [and] *McMurry v. Thrive Communities*, 2:25-cv-00817-JNW."

ORDER - 4

Dkt. No. 58 at 2. Federal Rule of Civil Procedure 42(a) permits consolidation of actions "involve[ing] a common question of law or fact[.]" Local Civil Rule 42(b) requires that parties confer before filing such a motion. Plaintiff did not confer. The motion fails on this basis alone. The motion is DENIED.

### 3.6    McMurry's motions for leave to supplement, Dkt. Nos. 51, 59.

McMurry moves for leave to supplement his fifth amended complaint, Dkt. No. 59, to add new factual allegations about actions taken by Neiders after his firing and about his eviction from housing owned by Thrive Communities and his resulting homelessness. Federal Rule of Civil Procedure 15(d) permits supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." But it does not permit a plaintiff to add claims against non-parties. Because the proposed supplement concerns Thrive's conduct, not Neiders's, the motions are DENIED.

### 3.7    McMurry's renewed motion for appointment of pro bono counsel, Dkt. No. 84.

The Court previously denied McMurry's request for counsel, and the circumstances have not materially changed. McMurry's renewed request is DENIED.

### 3.8    Neiders's motions are denied.

Neiders's motion to stay all proceedings until after resolution of its motion to dismiss is DENIED as moot. Dkt. No. 78. The Court has now resolved the motion, so a stay is unnecessary.

ORDER - 5

Neiders also moves for reconsideration of District Judge John C. Coughenour's December 10, 2025, Order reassigning this case to this Court, as related to *McMurry v. Thrive Communities LLC, et al.*, 25-CV-0817 ("Thrive Case"). Under Local Civil Rule 7(h)(1), reconsideration requires "a showing of manifest error" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence."

Neiders main argument is that it was not given a chance to respond to McMurry's notice of related case before reassignment. No. 77 at 4. But case assignment is not an adversarial proceeding and district judges have "broad discretion" over case assignments. *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989). Nothing in the Local Rules or elsewhere entitles a party to brief the question before the Court acts.

To the extent Defendant disputes whether these cases are "related" within the meaning of LCR 3(g), that dispute does not establish manifest error in a discretionary case-management decision. The motion is DENIED. Dkt. No. 77.

### 3.9    The Court will not impose sanctions.

Neiders moves for sanctions against McMurry for his failure to comply with the Local Rules and for making material misrepresentations. LCR 11(c). *See* Dkt. Nos. 64, 66, 72.

Federal courts possess inherent power to impose sanctions "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Rule 11 authorizes sanctions

ORDER - 6

when a filing is presented "for any improper purpose" or when claims are not "warranted by existing law." Fed. R. Civ. P. 11(b). Courts may also impose prefiling orders against litigants with lengthy histories of abusive litigation. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

At this juncture, the Court declines to impose sanctions. Plaintiff proceeds pro se, and the Court affords him some latitude. But latitude has limits. The Court has now denied all of Plaintiff's pending motions. Several were duplicative. Several failed basic procedural requirements. And the Court previously admonished Plaintiff for citing a non-existent case, warning that "he is responsible for the accuracy of all submissions and may be subject to sanctions if he repeats this transgression." Dkt. No. 24. at 5 n.4.

The Court reminds McMurry that "pro se litigant[s] must follow the same rules of procedure that govern other litigants," including the Federal Rules of Civil Procedure and the Western District of Washington's Local Civil Rules. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). Continued procedural violations may result in sanctions.

### 3.10    Case scheduling.

With the motion to dismiss resolved and all pending motions now addressed, this case will proceed on the surviving retaliation claim. The parties must submit a joint status report within FOURTEEN (14) days of this order. The joint status report must include: (1) a proposed trial date; (2) a proposed discovery cutoff; (3) a proposed deadline for dispositive motions; and (4) any other scheduling matters the

ORDER - 7

parties wish to bring to the Court's attention. The Court will issue a scheduling order after reviewing the parties' joint status report.

### 4. CONCLUSION

Accordingly, the Court ORDERS:

1. Motion for discovery, Dkt. No. 47, is DENIED.

2. Motion for leave to file supplement for related case, Dkt. No. 51, is DENIED.

3. Motion to compel, Dkt. No. 53, is DENIED.

4. Motion to strike boilerplate discovery objections, Dkt. No. 54, is DENIED.

5. Motion to compel, Dkt. No. 55, is DENIED.

6. Second motion for judicial notice, Dkt. No. 56, is DENIED.

7. Motion to consolidate cases, Dkt. No. 58, is DENIED.

8. Motion for leave to file, Dkt. No. 59, is DENIED.

9. Motion to expedite, Dkt. No. 60 is STRICKEN.

10. Motion to expedite, Dkt. No. 61, is DENIED.

11. Motion for reconsideration, Dkt. No. 77, is DENIED.

12. Motion to stay, Dkt. No. 78, is DENIED AS MOOT.

13. Renewed motion for appointment of pro bono counsel. Dkt. No. 84, is DENIED.

14. Defendant's request for sanctions are DENIED WITHOUT PREJUDICE.

15. The parties must file a JOINT STATUS REPORT within FOURTEEN (14) days of this order, as described above.

ORDER - 8

Dated this 3rd day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 9